UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY E. RONE, SR.,

    Petitioner,                                         Civil Case No. 03-72739
                                                      HONORABLE PATRICK J. DUGGAN

v.

RAYMOND BOOKER,

    Respondent,
_____/

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 18, 2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Petitioner Jimmy E. Rone, Sr. filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court dismissed on June 4, 2004. The Court then denied Petitioner's motion for rehearing and/or reconsideration and motion for relief from judgment on June 25, 2004 and February 23, 2006, respectively. On March 6, 2006, Petitioner filed a motion for rehearing pursuant to Rule 7.1(g) of the Local Rules for the Eastern District of Michigan, which this Court also denied on March 10, 2006. Petitioner now seeks to appeal the Court's February 23 and March 10, 2006 decisions[1] and therefore

---

[1] Petitioner already filed an appeal with respect to this Court's previous rulings; however the Sixth Circuit declined to grant Petitioner a Certificate of Appealability. *See Rone v. Booker*, Case No. 04-1930 (6th Cir. January 20, 2005). Petitioner then filed a writ of certiori with the Supreme Court, which the Court denied. *See Rone v. Booker*,

requests a certificate of appealability from this Court. 28 U.S.C. § 2253.

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the Supreme Court has stated:

> "[T]he petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner] or that the questions are 'adequate to deserve encouragement to proceed further.'"

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3394 n.4 (1983)(quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)). As the Supreme Court recently stated, when a district court denies a habeas petition on the merits of the claims, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 520 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). However, when a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; *and* (2) the district court was correct in its procedural ruling. *Id.* at 484-85, 120 S. Ct. at 1604.

This Court dismissed Petitioner's application for a writ of habeas because the petition was filed beyond the statute of limitations set forth in the Antiterrorism and

---

Case No. 04-10503 (S. Ct. filed October 3, 2005).

Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d). Petitioner fails to establish that this procedural ruling was incorrect.

Accordingly, the Court holds that Petitioner is not entitled to a certificate of appealability and DENIES the request.

**SO ORDERED.**

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:

Jimmy Rone, #257882
Ryan Correctional Facility
17600 Ryan Road
Detroit, MI 48212

Brad H. Beaver, Esq.